SUPERIOR COURT
OF THE
STATE OF DELAWARE

**RICHARD F. STOKES**
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
TELEPHONE (302) 856-5264

January 15, 2019

Lydia E. York, Esquire
L.E. York Law, LLC
182 Belmont Drive
Wilmington, DE 19808

Vincent G. Robertson, Esquire
Parkowski, Guerke & Swayze, P.A.
19354C Miller Road
Rehoboth Beach, DE 19971

Timothy G. Willard, Esquire
Fuqua, Willard, Stevens & Schab, P.A.
26 The Circle
Georgetown, DE 19947

RE: *Nicholas Caggiano, Sr., and Ocean One Plaza, LLC, v. Lewes*
*Hotel, LLC, and Sussex County Planning and Zoning Commission*
*C.A. No. S18A-07-003 RFS*

Dear Counsel:

This is my decision on Sussex County Planning and Zoning Commission's

(the "Commission") Motion to Dismiss appellants Nicholas Caggiano, Sr., and

Ocean One Plaza, LLC's (the "Appellants") appeal of its decision to grant Lewes

Hotel, LLC a preliminary site plan approval. The Commission contends that the

Appellants have no statutory basis for filing an appeal to this Court. Furthermore,

the Commission argues that not only have the Appellants failed to establish the

jurisdictional authority of this Court over its appeal, any direct appeal from the Commission to this Court must be authorized by the General Assembly. Lewes Hotel does not believe the appeal is ripe and they are in full support of the Commission's Motion. The Appellants contend that they are properly before this Court because the County Council has not yet agreed to docket their appeal.

Lewes Hotel seeks to develop land at the corner of Marsh Road and Delaware Route One in Sussex County, Delaware. Lewes Hotel submitted a site plan for the construction of a 96-room hotel with 106 parking spaces. Lewes Hotel requested a waiver reducing the number of parking spots required under the Sussex County Code for the operation of its proposed hotel. The Commission granted Lewes Hotel's waiver request.

The Appellants own a parcel of land that is adjacent to and abuts the land owned by Lewes Hotel. The Appellants wish to build a 110-room hotel with 177 parking spaces on its parcel. The Appellants site plan is in conformity with the Sussex County Code.

On June 28, 2018, the Commission met and approved the preliminary site plans for both the Appellants and Lewes Hotel. The Appellants believe they will be unfairly harmed by the reduction in the number of parking spaces permitted in Lewes Hotel's preliminary site plan. The Appellants have simultaneously appealed that waiver and the process the Commission used in approving it to both

the Sussex County Council and this Court.[1]

Generally, the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to resolve disputed issues of material fact or decide the merits of the case. [2] Superior Court Civil Rule 12(b)(1) mandates this Court dismiss an action for lack of subject matter jurisdiction if it appears from the record that the Court does not have jurisdiction over the claim. Notably, "[t]he burden of establishing the Court's subject matter jurisdiction rests with the party seeking the Court's intervention."[3] To prevail on a motion to dismiss, a movant need only show that the Court lacks jurisdiction.[4]

This appeal is governed by Sussex County Code §99-39. Section 99-39A states "No preliminary plat shall be acted upon by the Commission without affording a hearing thereon as outlined in 9 *Del.C.* §6812 and after notice of the time and place of the hearing shall be sent by registered mail to the applicant not less than five days before the date fixed for the hearing. Following said hearing any approval or disapproval of the preliminary plat by the Commission *may be*

---

[1] Because this Court has not received a certified record from the Sussex County Planning and Zoning Commission and neither Lewes Hotel nor the Commission has yet to file an answer to the Appellants' appeal, all of the facts have been taken from the Appellants' brief to County Council which was attached as Exhibit B to its Notice of Appeal with this Court.

[2] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del. Super. Ct. Mar. 31, 2009).

[3] *Ropp v. King*, 2007 WL 2198771, at *2 (Del. Ch. July 25, 2007).

[4] Superior Court Civil Rule 12(b)(1).

*appealed to the County Council* within 30 days of the official action of the Commission approving or disapproving the preliminary plat (emphasis added). As provided in 9 *Del.C.* §6811, an appeal may be filed by *a party aggrieved* by either the approval or the disapproval of a preliminary plat (emphasis added)." Section 99-39C states "[a]ny party aggrieved by the decision of the Council may appeal to the appropriate court, but *only after all remedies made available under this chapter have been exhausted* (emphasis added). Such appeals shall be to the Superior Court in the same manner as appeals from decisions of the Board of Adjustment as specified in 9 *Del.C.* §6918."

The available facts of this case indicate that the Commission approved the preliminary site plan for Lewes Hotel. The Appellants argue that they are aggrieved by that decision. Under Sussex County Code §99-39A, an aggrieved party may appeal a decision to the Sussex County Council. The Appellants have done this, however, the Sussex County Council has not docketed its appeal.[5] Under Sussex County Code §99-39C, once the Sussex County Council has made a decision based upon an appeal from the Commission, only then may the Appellants appeal to this Court. The Sussex County Council has not rendered a decision, therefore, the current appeal is not properly before this Court. This

---

[5] This Court also notes that in its appeal to the Sussex County Council, the Appellants state under Section III of their appeal that "County Council has jurisdiction." There is no mention of County Council having concurrent jurisdiction with this Court.

Court understands that the Appellants are currently caught in between code sections, so to speak, but until the Sussex County Council renders a decision, an appeal to this Court is simply not ripe. The Appellants have not carried their burden of demonstrating this Court's jurisdiction over its appeal under Sussex County Code §99-39. Therefore, the Motion to Dismiss filed by the Commission is **GRANTED**.

    **IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc:    Prothonotary